**U.S. Department of Justice**

*United Sta*
*Southern D*

*The Jacob K. J*
*26 Federal Pla*
*New York, New*

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 10/21/2026

October 19, 2026

**BY ECF**

The Honorable Analisa Torres
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *United States v. Xionghu Fang*, 26 Cr. 411 (AT)**

Dear Judge Torres:

The Government writes in brief response to defendant Xionghu Fang's motion *in limine* (Dkt. Nos. 22–23) to request that the Court hold the motion in abeyance. The motion, which was filed before any pretrial motion schedule was set in this case and while the Government's Speedy Trial motion is being briefed by the parties, should be litigated on a timeframe appropriate under the circumstances of this case after the Court resolves the Government's motion.

On September 8, 2026, a grand jury returned an indictment charging Fang with one count of false statements in violation of 18 U.S.C. §§ 1001(a)(2)–(3) and 2, and one count of immigration document fraud in violation of §§ 1546(a) and 2.

The parties last appeared before the Court on October 13, 2026, and the Government raised several issues that it believes need to be resolved before trial, including, among other things, matters related to Fang's prior case and conviction in the Middle District of Florida. To address those issues and determine how to proceed with this case, the Court set a briefing schedule for the Government's motion to exclude time under the Speedy Trial Act, with the motion due on October 20, the defendant's response due on October 27, and any Government reply due on October 30. The Court also excluded time during briefing and until the next appearance on November 9, 2026.

Today, the defendant filed his motion *in limine* seeking to exclude evidence of his Middle District of Florida case and conviction, as well as evidence of the approximately $500,000 in cash and $1.5 million worth of luxury watches found in his Manhattan apartment when a Florida-led team of investigators executed a search warrant. Fang argues, among other things, that this evidence is irrelevant and excludable under Federal Rules of Evidence 403 and 404(b). By operation of this District's default motion response timeframe, the Government's response to the motion is due by November 2, and any reply is due by November 9. *See* Local Crim. Rule 49.1(a).

The defendant's motion *in limine* overlaps with the issues that the Government will address in its Speedy Trial motion, due tomorrow. Most significantly, the Government's motion will build on reasons already provided to the defense as to why the challenged evidence is relevant—which Fang's motion does not address—as well as why an appropriate motion briefing schedule that takes into consideration the circumstances of this case should be set. Importantly, the Government anticipates seeking a superseding indictment identifying additional false statements in Fang's Green Card application, as the Government advised defense counsel before the October 13 conference. A superseding indictment will likely render the motion *in limine*, as presently framed, moot. Moreover, substantial discovery must still be reviewed and produced. Requiring the Government to brief these evidentiary issues now—only to revisit them following a superseding indictment and after the Court has had a chance to set an appropriate briefing schedule—would unnecessarily divert resources from ongoing discovery production, Speedy Trial motion briefing, and trial preparation.

Accordingly, the Government respectfully requests that the Court hold the defendant's motion *in limine* in abeyance and suspend the deadline by which the Government may respond, until further order from the Court.

Respectfully submitted,

JAMES M. McDONALD
United States Attorney

By: ______________________________
Reyhan Watson
Anthony P. Ferrara
Jake Sidransky
James McMahon
Assistant United States Attorneys
Southern District of New York
212-637-0097 / 914-993-1918 / 914-993-1966 / 914-993-1936

DENIED. Because time is currently excluded under the Speedy Trial Act only through November 9, 2026, the Government is directed to respond to Defendant's motion *in limine* according to the District's default motion response timeframe. By **November 2, 2026**, the Government shall respond to the motion. By **November 9, 2026**, Defendant shall file his reply, if any. This motion is denied without prejudice to renewal upon the filing of a superseding indictment.

SO ORDERED.

Dated: October 21, 2026
New York, New York

______________________________
ANALISA TORRES
United States District Judge