USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/17/2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

-against-

XIONGHU FANG,

Defendant.

26 Cr. 411 (AT)

**ORDER**

ANALISA TORRES, District Judge:

Defendant, Xionghu Fang, moves to exclude evidence relating to his August 12, 2026, conviction in the Middle District of Florida for conspiracy to commit marriage fraud (the "Florida Case"), and cash and luxury goods seized during a February 12, 2026, search of his apartment in Manhattan. *See* Mot., ECF No. 22; Mem., ECF No. 23. For the reasons stated below, Defendant's motion *in limine* is GRANTED IN PART and DENIED IN PART.

In light of the Superseding Indictment, *see* Superseding Indictment 1, ECF No. 29, which was filed after Defendant submitted these motions *in limine*, Defendant now concedes "that limited evidence" related to the Florida Case "may be admitted as direct evidence of the charged offense" in this action. Reply at 3, ECF No. 35. The Court, therefore, DENIES Defendant's motion to exclude evidence regarding the Florida Case. However, the parties may propose limiting instructions to mitigate the risk of unfair prejudice to the Defendant. *See United States v. Kaufman*, No. 13 Cr. 411-02, 2014 WL 2048198, at *11 (S.D.N.Y. May 19, 2024); Opp. at 10, ECF No. 33; Reply at 3.

Defendant claims that the evidence of the cash and luxury items seized from his apartment should be excluded under Federal Rule of Evidence 403. *See* Reply at 3−5. Pursuant to Rule 403, a court may "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

The Court reserves ruling on the admissibility of the cash until the Court can better evaluate the evidence in the context of the other evidence presented at trial. However, the Court GRANTS Fang's request to exclude evidence of the luxury items seized from his apartment. The Government claims the evidence is probative of Fang's motive to falsify his I-485 form because it shows "the financial interests associated with [Fang's] efforts to remain and work lawfully in this country." Mem. at 23. The Court finds the probative value of the evidence to be miniscule. The Government does not claim that Fang would have to forfeit the luxury goods if rejected for permanent residency or that he was only able to purchase them due to unauthorized work. *Compare* Opp. at 22–23, *with United States v. Guo*, 2024 WL 1862022, at *6 (S.D.N.Y. Apr. 29, 2024) (admitting evidence of condo ownership when provided in exchange for participating in fraud scheme)*, and United States v. Taylor*, 728 F.2d 864, 871 (7th Cir. 1984) (admitting evidence of owning luxury goods as providing motive for gun ownership). Moreover, the

evidence would be unfairly prejudicial and risk the jury conflating Fang's possession of the goods with engaging in unlawful work prior to his submission of the I-485 form. *See* Reply at 5; *see also United States v. Stahl*, 616 F.2d 30, 32 (2d Cir. 1980). Because the luxury good evidence would be unfairly prejudicial, it shall be excluded from trial.

**CONCLUSION**

Defendant's motion to exclude evidence related to the Florida Case is DENIED. The parties may propose limiting instructions regarding this evidence when they file their proposed jury instructions. Defendant's motion to exclude evidence related to the luxury goods seized on February 12, 2026, is GRANTED. Defendant's motion to exclude evidence related to the cash seized on February 12, 2026, is DENIED without prejudice to renewal.

SO ORDERED.

Dated: November 17, 2026
New York, New York

ANALISA TORRES
United States District Judge